## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DWBI INVESTMENTS, LLC**                                    **PLAINTIFF/ COUNTER- DEFENDANT**

**v.**                          **No. 4:23-cv-1192-DPM**

**SUTTER & GILLHAM, P.L.L.C.**                        **DEFENDANT/ COUNTER- CLAIMANT/ CROSS-CLAIMANT**

**v.**

**DAVID DENNIS; DENNIS FOOD GROUP, LLC; LEPHIEW GIN COMPANY, INC.; TYSON FOODS, INC.; LEPHIEW DENNINGTON; TYSON SALES AND DISTRIBUTION, INC.; TYSON FRESH MEATS, INC.; BENJAMIN MCCORKLE; BEACON LEGAL GROUP, PLLC; TIMOTHY DUDLEY; RICKEY HICKS; and GARY, WILLIAMS, PARENTI, WATSON, GARY & GILLESPIE, P.L.L.C.**                 **DEFENDANTS/ CROSS-DEFENDANTS**

### ORDER

1.      The Court has reviewed the conditionally sealed document, *Doc. 5*. The agreement's confidentiality provision is not enough to justify sealing. The motion has provided notice to the other signatories. None have weighed in. And the account information for the proceeds

account and litigation account can be redacted. The Court directs DWBI Investments to file a redacted version of exhibit 1 to the complaint on the public docket by 13 March 2024.

2.    Motion for a protective Order and to file under seal, *Doc. 29*, denied without prejudice and with directions. The Court directs Tyson to send a copy of the settlement agreement and its proposed redacted version of *Doc. 9* to Little Rock chambers because the Court needs more information about the agreement's terms and parties. Once it has reviewed the agreement and proposed redaction, the Court will make a decision about whether the agreement is confidential and whether redaction is appropriate. Tyson need not renew its motion.

While reserving the issue of the settlement agreement's confidentiality, the Court would welcome a proposed global protective Order. Counsel should confer and email an agreed draft Order in Word to chambers for review. The Order should incorporate Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before any filing under seal. The Order should remain in effect no longer than one year after litigation ends, not in perpetuity. And the Order should incorporate the Court's preferred procedure for discovery disputes. *See, e.g., Doc. 19* in *Lauer v. Petit Jean Electric Cooperative Corp.*, Case No. 4:22-cv-777-DPM.

- 2 -

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

7 March 2024