
IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| DWBI INVESTMENTS, LLC | | PLAINTIFF/ COUNTER-DEFENDANT |
| v. | No. 4:23-cv-1192-DPM | |
| SUTTER & GILLHAM, P.L.L.C. | | DEFENDANT/ COUNTER-CLAIMANT/ CROSS-CLAIMANT |
| v. | | |
| DAVID DENNIS; DENNIS FOOD GROUP, LLC; LEPHIEW GIN COMPANY, INC.; TYSON FOODS, INC.; LEPHIEW DENNINGTON; TYSON SALES AND DISTRIBUTION, INC.; TYSON FRESH MEATS, INC.; BENJAMIN MCCORKLE; BEACON LEGAL GROUP, PLLC; TIMOTHY DUDLEY; RICKEY HICKS; and GARY, WILLIAMS, PARENTI, WATSON, GARY & GILLESPIE, P.L.L.C. | | DEFENDANTS/ CROSS-DEFENDANTS |

## ORDER

**1.** This case arises from two lawsuits in Arkansas state court, a deal with a third-party investor, and a settlement. David Dennis and Dennis Food Group initially sued various Tyson entities, Lephiew Dennington, and Lephiew Gin Company in 2014. Dennis was

represented by Sutter & Gillham, P.L.L.C. and Rickey Hicks. Sutter & Gillham moved to withdraw from that case after the relationship with Dennis soured. In its motion to withdraw, the firm said it was owed attorney's fees and costs. Dennis and Dennis Food Group did not oppose the motion. And they eventually voluntarily dismissed the 2014 case.

Dennis and Dennis Food Group re-filed the same lawsuit against the same defendants in state court in 2016. They were first represented by Timothy Dudley, and later by Benjamin McCorkle, Beacon Legal Group, and Gary, Williams, Parenti, Watson, Gary, and Gillespie, P.L.L.C. DWBI Investments invested in the 2016 lawsuit by signing a non-recourse purchase agreement with Dennis individually and Dennis Food Group. The agreement provided that DWBI would get all or part of any proceeds from the lawsuit. McCorkle and Beacon Legal Group also signed an attorney acknowledgment form, which stated that DWBI's interest in the proceeds would take priority over all other payments from the proceeds. The case eventually settled. Tyson paid the money into Beacon Legal Group's trust account. DWBI says it didn't get its share of the settlement money.

DWBI has now sued everyone involved in both state court cases. Against the parties to the non-recourse purchase agreement, DWBI presses a claim for breach of contract. It also brings a declaratory judgment claim, asking that this Court declare that it is entitled to part

or all of the settlement proceeds. It also asks for an accounting to determine who has those proceeds now.

Sutter & Gillham has counterclaimed against DWBI and crossclaimed against the other defendants in this case. The law firm says that, because it reserved its attorney's lien in the 2014 case, it's entitled to a portion of the settlement proceeds of the 2016 case.

There are motions to dismiss and for sanctions.

2. DWBI has stated a plausible declaratory judgment claim against Dudley and the Tyson entities. Taking the pleaded facts as true, DWBI has a perfected interest in the settlement proceeds from the 2016 state court case. It seeks this Court's confirmation of that interest. Tyson presses that it has no dog in the fight at this point: it paid the settlement money and got a release, which makes others responsible for any liens. This is a strong argument. But it rests on documents that may not be embraced by the pleadings, especially the McCorkle affidavit and perhaps the settlement agreement. Rather than quibble over this procedural point, whether Tyson should stay in, on all claims, can be better addressed in focused summary judgment papers. DWBI's declaratory judgment claim goes forward against Tyson and Dudley for now.

DWBI's accounting claim, however, is dismissed. As DWBI acknowledges, Dudley and the Tyson entities are correct that accounting isn't a cause of action in Arkansas. *Panhandle Oil and Gas,*

*Inc. v. BHP Billiton Petroleum (Fayetteville), LLC*, 2017 Ark. App. 201, at 11, 520 S.W.3d 277, 285. It is a remedy. This issue remains in the case, though, because DWBI requests this relief. 2017 Ark. App. 201 at 11 n.5, 520 S.W.3d at 285 n.5.

    3.    The motions to dismiss Sutter & Gillham's crossclaims are denied. The facts surrounding the law firm's contention that it has a valid attorney's lien on the settlement proceeds from the 2016 case are muddy. And the law regarding whether a valid attorney's lien can follow a cause of action to a second lawsuit on the same cause of action between the same parties is unsettled. *Grayson v. Bank of Little Rock*, 334 Ark. 180, 186, 971 S.W.2d 788, 791 (1998). Sutter & Gillham allege that it had a contract with David Dennis and Dennis Food Group to bring the 2014 lawsuit. *Doc. 9-1*. The law firm also says it served a written notice of its lien on Tyson in compliance with Ark. Code Ann. § 16-22-304. More briefing on the law, and development of the factual record, are needed. At this point, Sutter & Gillham has plausibly stated crossclaims for declaratory judgment, breach of contract, conversion, and unjust enrichment.

    4.    The motions for sanctions are also denied. They rehash the arguments pro and con on Dudley's motion to dismiss Sutter & Gillham's crossclaim. The Court has denied that motion, so there is no basis for sanctions under Rule 11. Sutter & Gillham's request for an evidentiary hearing is also denied.

\*   \*   \*

Motions to dismiss, *Doc. 21 & 39*, mostly denied and partly granted as to the accounting claim. Motions, *Doc. 23, 61, 63 & 72*, denied. An Initial Scheduling Order will issue.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 May 2024