# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

DWBI INVESTMENTS, LLC            PLAINTIFF/
                                                     COUNTER-DEFENDANT

v.                    No. 4:23-cv-1192-DPM

INTERNATIONAL FOOD                  DEFENDANT
GROUP, L.L.C.

v.

SUTTER & GILLHAM, P.L.L.C.            DEFENDANT/
                                                  COUNTER-CLAIMANT/
                                                  CROSS-CLAIMANT

v.

TYSON FOODS, INC.;  TYSON SALES
AND DISTRIBUTION, INC.;  and
TYSON FRESH MEATS, INC.             DEFENDANTS/
                                                  CROSS-DEFENDANTS/
                                                  CROSS-CLAIMANTS

v.

DAVID DENNIS;  DENNIS FOOD
GROUP, LLC;  LEPHIEW GIN COMPANY,
INC.;  LEPHIEW DENNINGTON;
BENJAMIN MCCORKLE;  BEACON
LEGAL GROUP, P.L.L.C.;  TIMOTHY
DUDLEY;  RICKEY HICKS;  and GARY,
WILLIAMS, PARENTI, WATSON, GARY

| | |
|---|---|
| & GILLESPIE, P.L.L.C. | DEFENDANTS/ CROSS-DEFENDANTS |

## ORDER

DWBI has filed two one-sided joint reports of discovery disputes. *Doc. 115 & 116.* DWBI complains about lack of cooperation from the Gary firm and Hicks.

*First*, the Gary firm objected to DWBI's discovery requests, but the Clerk of Court inadvertently docketed the objections as a pleading. *Doc. 108.* This discovery was sent some weeks ago. The Court directs the Clerk to re-title *Doc. 108* as: "Responses and Objection to Plaintiff's Interrogatories and Request for Production of Documents, by Willie Gary." DWBI doesn't address the Gary firm's objections in its discovery report. Those objections look generic to the Court. For good cause, the Court directs the Gary firm to provide verified responses, supplemented if necessary, and any specific objections by 30 September 2024. Fed. R. Civ. P. 33(b).

DWBI also propounded a set of requests for admission, says the Gary firm hasn't responded to them, and requests that they all be deemed admitted. That result is too harsh—in essence, it asks for the Court to hold that the Gary firm has conceded the case. If, however, the Gary firm doesn't respond to the requests by 30 September 2024, they will be deemed admitted. The Gary firm must answer or object to the requests for admission with specificity. Fed. R. Civ. P. 36(a).

The Gary firm must also file a status report by September 30th reflecting that it has responded to all the discovery.

*Second*, DWBI also filed a report about Hicks. Hicks has promised responses to DWBI's discovery but not provided them. *Doc. 116 at 16.* Likewise, he has not responded to potentially nuclear requests for admission. For good cause, the Court directs Hicks to provide complete and verified responses, and any specific objections, to DWBI's interrogatories, requests for production, and requests for admission by 30 September 2024. If Hicks does not respond to DWBI's requests for admission by that date, they will also be deemed admitted. Hicks must also file a status report by September 30th reflecting that he has responded to DWBI's discovery requests.

So Ordered.

*/s/ DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

13 September 2024